# STATE OF MICHIGAN
# COURT OF APPEALS

MICHIGAN INSURANCE COMPANY,

        Plaintiff-Appellee,

v

CHANNEL ROAD CONSTRUCTION, INC.,
d/b/a CONSTRUCTION SERVICES, INC., OF
DRUMMOND ISLAND,

        Defendant-Appellant,

and

CITIZENS INSURANCE COMPANY and
FRANKENMUTH MUTUAL INSURANCE
COMPANY,

        Defendants-Appellees,

and

MARK WENGER and CYNTHIA WENGER,

        Defendants.

UNPUBLISHED
October 21, 2014

No. 315837
Chippewa Circuit Court
LC No. 12-012243-CK

_____

MICHIGAN INSURANCE COMPANY,

        Plaintiff-Appellee,

v

CHANNEL ROAD CONSTRUCTION, INC.,
d/b/a CONSTRUCTION SERVICES, INC., OF
DRUMMOND ISLAND,

        Defendant,

No. 315859
Chippewa Circuit Court
LC No. 12-012243-CK

and

CITIZENS INSURANCE COMPANY and
FRANKENMUTH MUTUAL INSURANCE
COMPANY,

                Defendants-Appellees,

and

MARK WENGER and CYNTHIA WENGER,

                Defendants-Appellants.

Before: MURPHY, C.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

In this consolidated case, defendants Channel Road Construction and Mark and Cynthia Wenger appeal as of right from an order of the circuit court granting summary disposition according to MCR 2.116(C)(10) (no genuine issue of material fact), in favor of plaintiff Michigan Insurance Company, and defendants Citizens Insurance Company and Frankenmuth Mutual Insurance Company.[1] We affirm.

Defendant Channel Road Construction assembled a log home for defendants Mark and Cynthia Wenger on their property on Drummond Island. In 2011, about five years after moving in, the Wengers discovered that water had intruded into the home causing damage. The Wengers stated that they paid $65,000 to repair the damage and expected to pay an additional $10,600. The Wengers obtained a home inspection by Thomas Pendry, who concluded that defendant Channel Road Construction's failure to install metal flashing above windows and failure to angle the window sill down from the window allowed water behind the exterior finish of the home. Plaintiff's home inspector, John Cuth, concluded that defendant Channel Road Construction's failure to install metal flashing and proper window sills caused water damage around seven windows and a wall beneath adjoining roof sections.

The Wengers filed a complaint against defendant Channel Road Construction, alleging that it failed to properly install window sills and failed to install metal flashing around the windows, causing gradual water damage to their home. Plaintiff provided insurance to defendant

---

[1] The trial court granted summary disposition under MCR 2.116(I)(2), judgment to the party opposing the moving party, after the Wengers moved for summary disposition under MCR 2.116(C)(10). Frankenmuth Mutual Insurance also filed for summary disposition according to MCR 2.116(C)(10). Citizens Insurance moved for summary disposition according to MCR 2.116(C)(10) and MCR 2.116(I)(2).

Channel Road Construction Company beginning December 31, 2007, until at least December 31, 2011. Plaintiff asserted that Citizens Insurance provided insurance to Channel Road Construction through December 31, 2005, and that Frankenmuth Mutual provided insurance to defendant Channel Road Construction from December 31, 2005, to December 31, 2007. Plaintiff filed a complaint for declaratory judgment. A provision of the policy stated that plaintiff insured property damage caused by an "occurrence," which as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The policy excluded from coverage property damage to property "that must be restored, repaired or replaced because 'your work' was incorrectly performed on it." The policy also excluded property damage arising out of a "defect, deficiency, inadequacy, or dangerous condition in 'your product' or 'your work.' " Plaintiff requested the trial court to find that plaintiff's policy for Channel Road Construction did not apply because damage to the Wenger's home was not an accidental "occurrence" as defined by the policy.

The Wengers moved for summary disposition, arguing that plaintiff's policy covered Channel Road Construction's liability for damages because the damage was caused by water intrusion occurrences and no exclusions applied. Channel Road Construction concurred with the motion. Frankenmuth Mutual moved for summary disposition, arguing that the Wengers took possession of their home prior to the coverage period under its insurance policy, and that the damage was not a result of an "occurrence." Citizens Insurance moved for summary disposition, concurring with the argument made by plaintiff and Frankenmuth Mutual. At a hearing on motions for summary disposition, the insurance companies agreed that no insurance covered Channel Road Construction in its lawsuit with the Wengers. The Wengers argued that the property damage was covered by insurance because of the accidental "occurrence" of water damaging the property from 2005 to 2011 through the defective window finishes. They argued that the policies of plaintiff and Frankenmuth Mutual were in place until the damage was discovered.

The trial court found the damage was caused by the work product of Channel Road Construction, and was not caused by an accident. The trial court found that plaintiff, Frankenmuth Mutual, and Citizens Insurance "had no duty to indemnify or defend Channel Road Construction" for claims arising from the construction of the Wenger home. The trial court also denied defendant Frankenmuth Mutual's motion for attorney fees. The Wengers and Channel Road Insurance argue on appeal that the trial court erred in granting summary disposition because the defective workmanship causing property damage was an "accident" and "occurrence" according to the policy language because the damage was to the "property of others." A trial court's determination of a motion for summary disposition is reviewed de novo. *Ormsby v Capital Welding, Inc*, 471 Mich 45, 52; 684 NW2d 320 (2004).

When reviewing a motion brought under MCR 2.116(C)(10), a court considers the affidavits, depositions, pleadings, admissions, and other evidence submitted by the parties in the light most favorable to the non-moving party. *Rose v Nat'l Auction Group, Inc*, 466 Mich 453, 461; 646 NW2d 455 (2002). Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Id.*

An insurance policy is a contract between the insurer and the insured, and a court must determine and enforce the meaning of the policy language. *Radenbaugh v Farm Bureau Gen Ins*

*Co of Mich*, 240 Mich App 134, 138-139; 610 NW2d 272 (2000).  An insured must prove insurance coverage, while the insurer must prove exclusions to coverage.  *Heniser v Frankenmuth Mut Ins,* 449 Mich 155, 161 n 6; 534 NW2d 502 (1995).  The first step in interpretation of an insurance policy is a determination of coverage according to the general insurance agreement.  *Auto-Owners Ins Co v Harrington*, 455 Mich 377, 382; 565 NW2d 839 (1997).

Here, plaintiff's policy for Channel Road Construction provided, in relevant part as follows:  "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies.  We will have the right and duty to defend the insured against any 'suit' seeking those damages."  An "occurrence," necessary to trigger insurance coverage, was defined in the policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."[2]  This Court has analyzed similar provisions and defined an accident as "an undesigned contingency, a casualty, a happening by chance, something out of the usual course of things, unusual, fortuitous, not anticipated, and not naturally to be expected."  *Frankenmuth Mut Ins Co v Masters*, 460 Mich 105, 114; 595 NW2d 832 (1999) (citations omitted)

"[T]he purpose and intent of [a general liability] insurance policy is to protect the insured from liability for essentially accidental injury to the person or property of another rather than coverage for disputes between parties to a contractual undertaking."  *Lopez & Medina Corp v Marsh USA, Inc*, 667 F3d 58, 67-68 (CA 1, 2012) (citation omitted).  In determining whether an insured's intentional act can be classified as an "accident," a court can consider "whether the consequences of the insured's intentional act either were intended by the insured or reasonably should have been expected."  *Masters*, 460 Mich at 115-116.  It is not an accident where the insured's intentional acts are intended to cause, or create a direct risk of property damage.  *Id*.

The undisputed evidence established that Channel Road Construction's failure to install metal flashing above windows and failure to angle the window sills away from the windows allowed water to accumulate behind the exterior finish of the home, causing water damage around seven windows and a wall beneath adjoining roof sections.  The home was built in 2005 and the water damage was discovered in 2011.  Damage from defective workmanship is an "occurrence" that triggers an insurance policy's coverage "only if the damage in question extended beyond the insured's work product."  *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 38; 772 NW2d 801 (2009), citing *Radenbaughm,* 240 Mich App at 144.  When an insured's defective workmanship results in damage to the property of others, an "accident" occurred according to a standard liability policy; but, when an insured's defective workmanship results in damage confined to the insured's own work product, the insured is the injured party and the damage was not an "accident."  *Radenbaugh,* 240 Mich App at 146-147 (citation omitted).

---

[2] Channel Road Construction's policy with Frankenmuth Mutual contained an identical provision.

Here, the damage was confined to Channel Road Construction's work product and, therefore, not an "accident" or "occurrence" within the meaning of the liability policy. Channel Road Construction's contract was to construct the home. The property damage at issue was not to the individual materials supplied by the Wengers, but to areas of the constructed home.

Thus, there was no "occurrence" causing property damage to trigger plaintiff's policy coverage of defendant Channel Road Construction's liability. *Hawkeye Security Ins Co v Vector Constr Co*, 185 Mich App 369, 378; 460 NW2d 329 (1990).

Affirmed.

/s/ William B. Murphy
/s/ David H. Sawyer
/s/ Michael J. Kelly